UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AMBER MARIE CLARK,

     Plaintiff,

v.                              Case No. 3:24cv412-MCR-HTC

FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES,

     Defendant.

_____/

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff Amber Marie Clark ("Clark"), proceeding *pro se,* has filed a civil rights complaint under 42 U.S.C. § 1983 alleging violations of the Fourth and Fourteenth Amendments of the U.S. Constitution stemming from the Florida Department of Children and Families' ("DCF") removal of her children. Doc. 1. Clark has also filed a motion to proceed *in forma pauperis.* Doc. 2. Upon review, the motion to proceed *in forma pauperis* will be GRANTED. However, Clark's complaint should be DISMISSED WITHOUT PREJUDICE because DCF is immune from liability under the Eleventh Amendment.

## I.    Background

Clark's complaint names DCF as the only Defendant. Clark alleges that on December 9, 2022, "Noah an[d] Lilith was sheltered from me." Doc. 1. Clark does

not specify her relationship to Noah and Lilith, and the Court presumes these are her children. *Id.* Clark further claims that her "mental health was being questioned because [she] had accussed [sic] the father [of her kids] of an[] affair and called Dcf." *Id.* Without context, Clark states, "they falsly [sic] said they removed the kids from me. Dcf isn't even allowed to know where the shelter is. They lied to the judge placing my kids in danger. . . . The department claims they removed the kids from me. . . . Santa Rosa made the removal the kids was in Walton County not even in their jurisdiction. . . . She hit honey and the Dept. wouldn't even investigate." *Id.* As relief for these allegations, Clark seeks $3 billion dollars and the return of her children.[1]

## II.    Legal Standard

For an individual proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim, the plaintiff must plead factual content which allows the Court to draw the reasonable inference Defendants are liable for the misconduct alleged. *Ashcroft v.*

---

[1] Clark's complaint includes other allegations not discussed in this Report and Recommendation. These allegations range from her children's father having an affair with a schoolteacher to him using pills. However, these allegations do not bear on the constitutional claims asserted against DCF. Accordingly, these allegations are largely not discussed.

*Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe a *pro se* party's allegations. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III.    Discussion

Under the Eleventh Amendment's sovereign immunity clause, states and state agencies are immune from civil suits. *See* U.S. Const. amend. XI. ("[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States"). Unless immunity has been waived, Congress has abrogated it, or injunctive relief is sought against a state actor, the Eleventh Amendment is an absolute bar to a suit by an individual against a state or its agencies in federal court. *See Edelman v. Jordan*, 415 U.S. 651 (1974); *see also*, *Ross v. Dep't of Children Florida*, 2014 WL 12625122, at *2 (M.D. Fla. Apr. 28, 2014) (noting that the *Ex parte Young* exception only applies to claims for injunctive relief brought against an individual rather than a state agency such as DCF). Moreover, courts lack jurisdiction over a claim that is barred by the Eleventh Amendment. *See Seaborn v. State of Fla., Dep't of Corr.*, 143 F.3d 1405, 1407 (11th Cir. 1998).

Here, DCF is a state agency and is immune from liability. *See Hood v. Dep't of Children and Families*, 2014 WL 757914, at *3-4 (M.D. Fla. Feb. 26, 2014). And Florida has not waived its sovereign immunity in 42 U.S.C. § 1983 actions. *Driessen v. Univ. of Miami Sch. of Law*, 835 F. App'x 489, 492 (11th Cir. 2020) (noting that 42 U.S.C. § 1983 does not abrogate sovereign immunity and that Florida has neither "waived sovereign immunity or consented to suit with respect to such actions"). Thus, sovereign immunity bars Clark's claims against DCF.[2]

Finally, even in the absence of immunity, Clark's scant and disjointed allegations against DCF fail to state a claim under the Fourth or Fourteenth Amendments and, instead, are so vague that they do not meet the basic pleading standards set forth in the Federal Rules of Civil Procedure. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted) ("[S]ection 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation."); *see also Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019), *cert. denied*, No. 19-7709, 2020 WL 1978972 (U.S. Apr. 27, 2020) (internal citations omitted) (identifying one category of shotgun pleadings as

---

[2] To the extent Clark is attempting to nullify a state-court judgment regarding her parental rights, such a claim is barred by the *Rooker-Feldman* doctrine. *See e.g.*, *Fox v. Fla. Dep't of Children and Families*, 828 F. App'x 639, 642 (11th Cir. 2020) (holding the "district court properly dismissed Fox's federal claims for lack of subject matter jurisdiction under the <u>Rooker-Feldman</u> doctrine" because a claim that "FDCF investigator violated her Fourth and Fourteenth Amendment rights when he removed her daughter from her home . . . would effectively nullify the state-court judgment . . . terminating her parental rights and stripping her of custody").

including a pleading that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"). Thus, given the issues with Clark's allegations, allowing leave to amend would be futile and the claims should be dismissed without prejudice.

Accordingly, it is ORDERED:

1.    Clark's motion to proceed *in forma pauperis*, Doc. 2, is GRANTED.

And it is RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii).

2.    That the clerk close the file.

At Pensacola, Florida, this 5th day of September, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.